IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-9,976-05






EX PARTE JEREL L. KENNEDY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2006-1176-C2A IN THE 54TH DISTRICT COURT


FROM MCLENNAN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to twenty-four months' confinement. He did not appeal his conviction. 

 Applicant alleges that his plea was involuntary because the State initially offered him
eighteen months' confinement but that he never had an opportunity to accept the aforementioned
plea bargain offer. He alleges that counsel's inadequate investigation and failure to challenge
enhancement paragraphs caused him to receive a sentence of twenty-four months instead of eighteen
months. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. 
In the appropriate case, the trial court may rely on its personal recollection. Id. The trial court shall
order counsel to file an affidavit addressing: (1) whether counsel investigated Applicant's criminal
history and the validity of the enhancement paragraphs and, if so, shall detail the course of counsel's
investigation; (2) whether Applicant had an opportunity to accept the plea bargain offer of eighteen
months' confinement and, if so, why Applicant decided to reject it; and, (3) whether counsel
believes that Applicant's plea was freely and voluntarily entered. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary because of counsel's ineffective assistance. Specifically, the trial
court shall make findings of fact as to whether counsel investigated Applicant's criminal history and
the validity of the enhancement paragraphs. The trial court shall also make findings of fact as to
whether Applicant had an opportunity to accept the plea bargain offer of eighteen months'
confinement. The trial court shall also make findings of fact as to whether counsel believes that
Applicant's plea was freely and voluntarily entered. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: August 26, 2009

Do not publish